TORGAN & COOPER, P.C.
Evan Torgan, Esq. (ET-2626) (etorgan@torgancooper.com)
17 State Street, 39th Floor
New York, NY   10004
(212) 232-2500
fax: (212) 232-2509
Attorneys for Claimant DAVID BERNSTEIN


UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
IN THE MATTER OF THE COMPLAINT,                          10 Civ. 7610 (NRB)
                                                      :
           OF
                                                      :     **<u>CLAIM OF DAVID BERNSTEIN</u>**
IVAN GOODSTEIN, as owner of a 2009
YAMAHA Personal Watercraft motor vessel,              :
for  exoneration from or limitation                         **<u>TRIAL BY JURY DEMANDED</u>**
of liability,                                         :

                            Petitioner.               :
----------------------------------------------------------- x

        Claimant, DAVID BERNSTEIN, by his attorneys, TORGAN & COOPER, P.C., files

his claim for Personal Injuries and preserves his right to a jury trial, and alleges as follows upon

information and belief against Petitioner IVAN GOODSTEIN ("Petitioner").

        1.     This is a claim for personal injuries under the General Maritime Law of the

United States and the laws of the States of New York.

        2.     At all material times, Claimant DAVID BERNSTEIN was and still is a citizen

of the United States and a resident of the State of New York.

        3.     At all relevant times, Petitioner was the owner of the Personal Watercraft

referred to in the Complaint.

4.      At all relevant times, Petitioner was the operator of the Personal Watercraft referred to in the Complaint.

5.      At all relevant times, Petitioner controlled the Personal Watercraft referred to in the Complaint.

6.      At all relevant times, Petitioner maintained the Personal Watercraft referred to in the Complaint.

7.      At all relevant times, Petitioner owed duties to Claimant DAVID BERNSTEIN.

8.      At all relevant times, it was foreseeable to Petitioner that a breach of the aforementioned duties would create a zone of risk and an increased risk of serious bodily harm to Claimant DAVID BERNSTEIN.

9.      Petitioner breached his duties owed to Claimant DAVID BERNSTEIN by, among other things, committing one or more of the following negligent acts:

a.      Negligently and carelessly operating, controlling and/or maintaining the Personal Watercraft referred to in the Complaint;

b.      Negligently and carelessly operating, controlling and/or maintaining the Personal Watercraft referred to in the Complaint while intoxicated or under the influence of alcohol;

c.      Negligently and carelessly failing to ensure that the Personal Watercraft referred to in the Complaint was sufficiently manned by an individual who was adequately trained, experienced, supervised, and equipped for the task at hand;

d.      In failing to arrange to keep a proper, safe and vigilant lookout;

e.      In failing to operate the Personal Watercraft referred to in the Complaint in a

–2–

safe and prudent manner and in accordance with the applicable rules and regulations;

    f.  In failing to ensure that the Personal Watercraft referred to in the Complaint, its crew and appurtenances, was/were in a seaworthy condition at the commencement of the voyage;

    g.  In violating provisions of the NY Navigation Law, including but not limited to Navigation Law § 73-a(g), thereby constituting negligence *per se* and/or absolute liability under applicable New York State and/or federal maritime law; and

    h.  In such other manners as Claimant DAVID BERNSTEIN intends to prove at trial.

    10.  As a direct and proximate result of the negligence of Petitioner and the unseaworthiness of the Personal Watercraft referred to in the Complaint, Claimant DAVID BERNSTEIN sustained serious bodily and psychological injuries and resulting pain and suffering, disability and disfigurement, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. The losses are either permanent or continuing and Claimant DAVID BERNSTEIN has and will continue to suffer such losses in the future.

    11.  Said acts of negligence, recklessness and unseaworthy conditions as aforesaid occurred and/or were occasioned within the privity and/or knowledge of Petitioner.

    **WHEREFORE**, Claimant DAVID BERNSTEIN prays that his right to trial by jury be preserved; that he be allowed by this Honorable Court to make due proof of his claims against Petitioner for all losses and damages in the amount of TEN MILLION DOLLARS ($10,000,000.00), prejudgment interest, and costs of suit; that Petitioner's right to exoneration and/or limitation of liability be DENIED and that Petitioner's action be dismissed; that the stay entered in the within

−3−

action be lifted, the within action be stayed, and Claimant David Bernstein be permitted to commence an action for the within claim in an appropriate New York State Court pursuant to the saving to suitors clause with a right to a jury trial pursuant to In re Dammers & Vanderheide, 836 F.2d 750 (2d Cir. 1987); and for such other or further relief as this Court deems just and proper.

## RESERVATION OF RIGHT TO JURY TRIAL

Claimant, DAVID BERNSTEIN hereby expressly reserves his right to proceed to trial before a jury.

Dated: November 18, 2010

Respectfully submitted,

TORGAN & COOPER, P.C.

_____/s/ Evan Torgan_____
By:    Evan Torgan (ET-2626)
Attorneys for Claimant DAVID BERNSTEIN
17 State Street, 39th Floor
New York, NY   10004
(212) 232-2500
fax: (212) 232-2509

TO:   **Via ECF**
      RUBIN, FIORELLA & FRIEDMAN LLP
      Attorneys for Plaintiff/Petitioner
      292 Madison Avenue, 11th Floor
      New York, NY   10017
      (212) 953-2381

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NASSAU       )

DAVID BERNSTEIN, being duly sworn, deposes and says:

I am the Claimant in the within action. I have read the foregoing claim and know the

contents thereof, and that the same is true to deponents own knowledge, except as to those matters

therein stated to be alleged upon information and belief, and as to those matters, deponent believes

them to be true.

_____
David Bernstein

Sworn to before me this
18th day of November, 2010

_____
Notary Public

EDWARD VILINSKY
Notary Public, State Of New York
No. 02VI4987624
Qualified in Nassau County
Commission Expires October 21, 2012

—5—